# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| STEPHEN CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 5:15-cv-06006-DGK |
| | ) |
| GE TRANSPORTATION a/k/a | ) |
| GE ENGINE SERVICES, LLC a/k/a | ) |
| GE TRANSPORTATION | ) |
| REMANUFACTURING SERVICES, | ) |
| | ) |
| and | ) |
| | ) |
| KHERRI HUMMER, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises out of Plaintiff Stephen Carter's ("Carter") employment with Defendant GE Engine Services, LLC ("GE"). Carter alleges GE and his immediate supervisor there, Kherri Hummer ("Hummer"), violated the Missouri Human Rights Act ("MHRA") by discriminating against him on the basis of his race and skin color and by retaliating against him for reporting this discrimination to authorities. Defendants removed this case from the Circuit Court of Platte County, Missouri, by invoking the Court's diversity jurisdiction, 28 U.S.C. §§ 1441 and 1446. They claim Carter fraudulently joined Hummer, a Missouri resident, in an effort to prevent removal.

Now before the Court is Carter's Motion to Remand (Doc. 6). Finding that Carter may be able to maintain his MHRA claim against Hummer, the Court holds Defendants have not carried their substantial burden of proving fraudulent joinder. Consequently, the motion is GRANTED.

## Standard of Review

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. *Id.* § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Under the no-local-defendant or forum-defendant rule, a suit cannot be removed if one of the defendants who is properly joined and served is a citizen of the state where the lawsuit was filed. 28 U.S.C. § 1441(b)(2).

Under the doctrine of fraudulent joinder, however, a "court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where the "applicable state precedent precludes the existence of a cause of action against the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* at 810-11 (citation omitted) (emphasis added). Thus, "'joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" *Id.* at 811 (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

In predicting whether state law might impose liability based upon the facts involved, the district court "should resolve all facts and ambiguities in the current controlling substantive law

2

in the plaintiff's favor." *Id.* "[T]he court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* "The court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks omitted). The removing party bears the "substantial" burden of proving the alleged fraud. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

**Factual Background**

Defendant GE operates a business in Kansas City, Missouri disassembling, cleaning, and maintaining traction motor combo wheel sets for locomotives. Plaintiff Carter works for GE as a remanufacturing production technician. Carter is an African-American male who is darker-skinned than his co-workers. Defendant Hummer has been his immediate supervisor from February 2013 until the present.

For purposes of determining diversity jurisdiction, GE is a citizen of New York and Connecticut; Hummer is a Missouri citizen; and Carter is a Kansas citizen.

On September 23, 2013, Carter filed discrimination charges with both the Missouri Commission on Human Rights ("MCHR") and the federal Equal Employment Opportunity Commission ("EEOC"). The charges listed only GE Transportation as the respondent who allegedly discriminated and retaliated against him. Carter did not name Hummer as a respondent or follow the MHRA's procedures for joining Hummer as an unnamed respondent. As a result, Hummer was never provided a copy of the MHRA charge, never received notice that Carter was

3

asserting a charge against her personally, never had an opportunity to present a written statement of her personal position before the MCHR, and never had notice that he would attempt to hold her personally liable. She was, however, interviewed by the MCHR and gave her account of the events. On or about September 16, 2014, the MCHR issued Carter a right to sue letter.

A few months later, on December 11, 2014, Carter filed this lawsuit in the Circuit Court of Platte County, Missouri. The Petition seeks actual damages, attorneys' fees and costs, and punitive damages, the combined cost of which could exceed $75,000. Defendants timely removed this case to federal court.

In relevant part, the Petition alleges Hummer demeaned Carter by using stereotypical derogatory language when talking to him[1] and treating him differently than similarly situated white coworkers.[2] Hummer also disciplined Carter for rules violations for which she did not discipline white employees. As a result of Hummer's discriminatory treatment, GE eventually placed Carter on a "final review" status which placed him in danger of being terminated. Hummer's actions caused Carter so much stress that he sought medical treatment.

The Petition does not allege that Carter exhausted his administrative remedies against Hummer, or that Hummer falls within a limited exception to the administrative exhaustion requirement.

---

[1] For example, Hummer allegedly referred to Carter as "slow" even though he worked at the same pace as his white co-workers, and she did not refer to his white co-workers as "slow."

[2] For example, Hummer did not allow Carter to wear a certain pair of steel-toed boots even though she allowed other white employees to change into different boots, and she wrote him up for attending a funeral even though he telephoned and left a message explaining why he would be absent.

4

**Discussion**

Because Hummer is a citizen of Missouri, the forum-defendant rule would ordinarily compel this Missouri-based Court to remand the case. Defendants contend that Hummer was fraudulently joined to this lawsuit to prevent removal to federal court, and so the Court should ignore her citizenship. Defendants argue Carter cannot bring an MHRA claims against Hummer because he did not file a discrimination charge against her with the MCHR before filing suit, and that an exception to this exhaustion requirement does not apply here.

In response, Carter argues an exception to the exhaustion requirement does apply, and that a state court judge should make this determination. Accordingly, this case should be remanded to state court.

As a general rule, a plaintiff cannot sue a defendant under the MHRA without first exhausting his administrative remedies by filing a discrimination charge with the MCHR against that defendant. Mo. Rev. Stat. § 213.075(1). This charge must be filed within 180 days of the allegedly discriminatory act and must state "the name and address of the person alleged to have committed the unlawful discriminatory practice." *Id.* Failure to name an individual in an administrative charge may preclude bringing a subsequent civil action against that person. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669-70 (Mo. 2009). Thus, if Carter's failure to name Hummer in his discrimination charge bars his MHRA claim against her, there is no reasonable basis in fact or law supporting a claim against Hummer, and the Court should find she has been fraudulently joined.

Missouri law, however, is very forgiving in finding that the MHRA's procedural requirements have been met. *See Alhalabi v. Mo. Dept. of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009) ("The Missouri Supreme Court has indicated that it takes a liberal approach to the

5

fulfillment of procedural requirements under the MHRA."). The Missouri Supreme Court has held that "the importance of maintaining the availability of complete redress of legitimate grievances without undue encumbrance" outweighs the interests served by the statute's procedural requirements, "especially [where] demanding full and technical compliance would" not advance the underlying purposes of the procedural requirements. *Hill*, 277 S.W.3d at 670. These purposes include giving notice to the charged party and providing an avenue for voluntary compliance without resort to litigation. *Id.* at 669.

A court considers four factors in deciding whether the failure to name an individual in an administrative charge bars a subsequent MHRA claim against that individual:

> 1. Whether the complainant could have ascertained the role of the unnamed party through reasonable efforts at the time of the filing of the charge;
>
> 2. Whether the interest of the unnamed party and the respondents are so similar that, for the purpose of obtaining voluntary reconciliation and compliance, including the unnamed party was unnecessary;
>
> 3. Whether the failure to include the unnamed party in the charge resulted in actual prejudice; and
>
> 4. Whether the unnamed party had somehow represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70. The third factor is essential. *Id.* at 662.

Federal district courts adjudicating similar motions to remand where the plaintiff has allegedly brought an invalid MHRA claim against a diversity-destroying local defendant have handled motions to remand in different ways. Some courts, including this one, have considered the merits of the defendants' fraudulent joinder argument and then ruled accordingly. That is,

6

they use the *Hill* factors to determine if the exception to the MHRA's exhaustion requirement applies.[3] If the court holds the exception cannot apply and that joinder of the local defendant is fraudulent, then the motion to remand is denied.

Other courts have declined to perform the *Hill* analysis, instead remanding the case back to state court.[4] These courts reason that because applying the *Hill* factors can involve adjudicating disputed questions of fact, and because a federal court must possess subject matter jurisdiction to hear a case before it can resolve a disputed question of fact, the court should remand the case and let a state court decide the question. *See, e.g., Eggerstedt v. Papa John's USA, Inc.*, No. 14-095-CV-W-ODS, 2014 WL 2013335, at *2 (W.D. Mo. May 16, 2014). They maintain that because an exception to the administrative exhaustion requirement exists, there is a reasonable basis for predicting that the state's law might impose liability against the defendant, regardless of whether the exception actually applies in the particular case. *See Parker*, 2014 WL 3827232, at *2. They note the defendants can present their *Hill* arguments to the state court after remand. "If they prevail, and if time permits," they can remove the case back to federal court.[5] *See Adamson v. Durham D&M, LLC*, No. 4:09-0523-cv-ODS, 2009 U.S. Dist. LEXIS 60749, at *7 (W.D. Mo. July 15, 2009).

---

[3] *See, e.g., Moore v. Helget Gas Prods., Inc.*, No. 4:14-cv-1292-CEJ, 2014 WL 6632342, at *2 (E.D. Mo. Nov. 21, 2014) (applying four *Hill* factors and finding plaintiff had not shown the exhaustion requirement was satisfied); *Stoker v. LaFarge N. Am., Inc.*, No. 4:12-cv-0504-DGK, 2013 WL 434949, at 4-5 (W.D. Mo. Feb. 5, 2013) (holding the exception did not apply because all four *Hill* factors weighed in favor of barring the MHRA claim); *Borders v. Trinity Marine Prods.*, No. 1:10-cv-146-HEA, 2010 WL 5139343, at *2-3 (E.D. Mo. Dec. 9, 2010) (applying the *Hill* factors and barring MHRA claims against three individuals not named in the MHRC charge); *see also Jackson v. Mills Props.*, No. 4:11-cv-419-SNLJ, 2011 WL 3607920, at *3 (E.D. Mo. Aug. 12, 2011) (applying the *Hill* factors and granting the individual defendant's motion to dismiss).

[4] *See, e.g., Parker v. Pinnacle Entm't*, No. 4:14-cv-791-RWS, 2014 WL 3827232, at *2 (E.D. Mo. Aug. 4, 2014); *Bock v. Liberty Rest. Grp.*, No. 4:13cv0781AGF, 2013 WL 4504375, at *3 (E.D. Mo. Aug. 23, 2013).

[5] Under 28 U.S.C. § 1446(c), a case may not be removed more than one year after the commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent removal.

Plaintiff urges the Court to adopt this latter approach. The Court declines because although applying the *Hill* factors sometimes requires resolving disputed questions of fact,[6] this does not compel remand. Federal courts may resolve disputed questions of fact to determine subject matter jurisdiction. *See, e.g., Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (noting the court may dismiss an action for lack of subject matter jurisdiction based on, among other things, "the court's resolution of disputed facts") In resolving questions of fraudulent joinder, federal courts often make determinations involving disputed questions of fact. They are analogous to those factual determinations involved in ascertaining other elements of diversity jurisdiction, such as where a corporation's "nerve center" is located or whether the amount in dispute could exceed $75,000. *Wells' Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, 157 F. Supp. 2d 1018, 1036-38 (N.D. Iowa 2001). "[T]he facts at issue in such cases can still properly be described as 'jurisdictional,' because they go to the question of whether the purportedly non-diverse defendant is a proper party to the action, rather than going to the 'merits' of the allegations concerning the defendant's allegedly wrongful conduct." *Id*. at 1037. Before making a determination as to fraudulent joinder, a federal court may even allow defendants to conduct discovery into the underlying facts. *Id.* at 1036-39; *see Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (observing allowing jurisdictional discovery is warranted where "certain facts necessary to resolv[e] the jurisdictional inquiry are either unknown or disputed"); *Johnson*, 534 F.3d at 965 (observing Rule 56 provides guidance on when to allow discovery on jurisdictional facts).

Of course, as the proponents of federal jurisdiction, Defendants bear the burden of establishing these facts by a preponderance of the evidence. *See Hertz Corp. v. Friend*, 559 U.S.

---

[6] In most cases, at least some of the relevant facts are undisputed. For example, in this case, Carter concedes he knew of Hummer's role in the discrimination against him at the time he filed his MHRC charge. Suggestions in Supp. (Doc. 7) at 11.

77, 96 (2010) (noting that when federal jurisdiction is challenged, the parties asserting diversity jurisdiction "must support their allegations by competent proof"). If they cannot meet their burden, or if the determination of these facts is intertwined with the merits of the case, the court should remand. *See Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *Johnson*, 534 F.3d at 963.

Applying *Hill* to the present case, the Court finds Defendants have not demonstrated that a Missouri court would rule that the *Hill* exception does not apply, therefore they have not shown Carter fraudulently joined Hummer. The Court finds as follows with respect to the *Hill* factors:

First, Carter concedes he had notice of Hummer's role in this matter before filing his administrative charge.

With respect to the second factor, Hummer's interests and GE's interests were not so similar that for the purpose of obtaining voluntary reconciliation and compliance it was unnecessary to include Hummer in the MCHR proceedings. Carter argues *he viewed* Hummer as indistinguishable from his employer; therefore it was unnecessary to include her in the proceedings. But the issue is not how Carter viewed things, but whether Hummer's interests were actually similar to GE's. They were not. An individual in Hummer's position does not view legal liability the same way a large corporate entity like GE does. Hummer is not an owner, a controlling shareholder, or even a high ranking corporate officer of GE such that she is likely to feel a loss suffered by GE. Her economic position and ability to tolerate financial risk are not comparable to GE's. A judgment against GE can be executed against its corporate assets only. A judgment against Hummer puts her personal assets at risk. *See Eckerman v. KMBC-TV*, No. 08-0994-CV-W-DGK, 2009 WL 9837587, at *3 (W.D. Mo. July 17, 2009) (observing that an individual at risk of losing his or her life savings has a different interest in conciliation than a

large corporation); *see also Jackson v. Mills Props.*, No. 4:11CV419SNLJ, 2011 WL 3607920, at *3 (E.D. Mo. August 12, 2011). Furthermore, a large corporation may have policy reasons for resisting or embracing conciliation, such as not wanting to be viewed as an easy target for discrimination claims. An individual, on the other hand, may have separate moral or personal reasons motivating her to participate in conciliation which a large corporation does not have. Thus, GE and Hummer's interests are not sufficiently similar.

Defendants have not satisfied the third factor in the analysis by showing that Carter's failure to name Hummer in the MCHR charge prejudiced her. Hummer claims it prevented her from advocating her personal interests in the proceedings, but she does not explain how this harmed her in some way. What exactly did she lose by not being able to advocate her personal interests? She was aware of the proceedings and interviewed as part of the process, and her truthful account of the events would not have been any different whether she was personally named in the charge or not.

The fourth factor—whether Hummer somehow represented to Carter that her relationship with him was to be through GE—also weighs against Carter. Hummer never communicated to Carter (at least before he filed suit) that with respect to any personal liability she might have, GE represented her. Nor did Hummer ever communicate that she was one and the same entity as GE.

Although Defendants have established three of the factors, the failure to establish prejudice to Hummer is fatal. The Missouri Supreme Court has ruled that the failure to make a party a respondent at the administrative action before the MCHR will bar suit against the unnamed party "only if it resulted in prejudice." *Hill*, 277 S.W.3d at 662. Because Defendants have not shown prejudice to Hummer, a Missouri court might allow Plaintiff's MHRA claim

against her to go forward. Thus, joinder is not fraudulent. Without fraudulent joinder, the local-defendant rule applies, and the Court must remand. *See* 28 U.S.C. § 1441(b)(2).

## Conclusion

For the reasons discussed above, the Court holds Defendants have not carried their substantial burden of proving fraudulent joinder. Plaintiff's Motion to Remand (Doc. 6) is GRANTED.

**IT IS SO ORDERED.**

Date:  July 23, 2015                          /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT